IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELLO DOUGLAS,<br><br>      Petitioner,<br><br>vs.<br><br>MICHAEL CAPRA, Superintendent, Sing Sing Correctional Facility,<br><br>      Respondent. | No. 9:13-cv-00035-JKS<br><br>MEMORANDUM DECISION |

Marcello Douglas, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Douglas is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Sing Sing Correctional Facility. Respondent has answered, and Douglas has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On direct appeal of his conviction, the Appellate Division described the following facts underlying Douglas's case:

> [Douglas], armed with a semiautomatic handgun, approached an SUV containing multiple individuals and fired the gun several times into the driver's side of the car. The driver was struck multiple times in the chest and abdomen. He underwent surgery, during which portions of his liver and intestine had to be removed; a bullet that was located approximately one centimeter from his heart could not be removed.
> Shortly after the shooting, [Douglas] was arrested, interrogated by police and confessed to the shooting. He was subsequently charged with attempted murder in the second degree, assault in the first degree and two counts of criminal possession of a weapon in the second degree. After his motion to suppress his statements to the police was denied, [Douglas] pleaded guilty to all charges. Pursuant to a plea agreement, County Court sentenced [Douglas] to an aggregate prison term of 12 years to be followed by five years of postrelease supervision.

*People v. Douglas*, 931 N.Y.S.2d 799, 799 (N.Y. App. Div. 2011).

Through counsel, Douglas appealed his conviction, arguing that: 1) the trial court erred when it denied his motion to suppress; and 2) his sentence is unduly harsh and should be reduced in the interest of justice. The Appellate Division affirmed his conviction in a reasoned opinion. *Douglas*, 931 N.Y.S.2d at 799. Douglas sought leave to appeal the decision to the Court of Appeals, which was summarily denied on January 11, 2012.

Gregory timely filed a Petition for a Writ of Habeas Corpus to this Court on January 9, 2013.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Douglas raises the same arguments that he presented to the state courts on direct appeal. First, he argues the trial court erred when it denied his motion to suppress his statements to the police. He additionally claims that his sentence is unduly harsh.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts

that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Douglas has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those

3

allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

Claim One: Erroneous Denial of Suppression Motion

Douglas first argues that statements he made to the police "should have been suppressed because [he] was taken into custody and interrogated and was only advised of his rights under *Miranda*[1] after he made an incriminating statement." The appellate court denied this claim, reasoning:

> [Douglas] contends that County Court should have accepted his testimony at the suppression hearing that Detectives Robert Henry and Brian Robertson interrogated him and extracted his confession prior to turning on a recording device and reading him his *Miranda* rights. In contrast, the People presented the detectives' testimony that [Douglas] was read his *Miranda* rights before he was initially questioned and was read them again when the recorder was turned on to memorialize [Douglas's] inculpatory statements concerning his involvement in the shooting. The recording device also captured Robertson stating that he was "going to—again . . . go over . . . [*Miranda*] warnings" and further reflects that [Douglas] was asked if he was treated fairly or if he had any complaints regarding his treatment, to which he answered that he had been treated fairly. County Court was in the best position to observe the witnesses, and its credibility determinations are entitled to great deference. Accordingly, we find no basis to disturb its determination to credit the detectives' testimony over [Douglas's] version of the events and to deny [Douglas's] motion to suppress his confession.

*Douglas*, 931 N.Y.S.2d at 800 (internal citations omitted).

In general, a defendant who pleads guilty to a charged offense "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). However, "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975). Pursuant to New York Criminal Procedure Law ("C.P.L.") § 710.70(2), a criminal defendant may appeal an adverse decision on a pretrial motion to suppress evidence, despite being convicted upon a guilty plea. *See United States ex rel. Sanney v. Montanye*, 500 F.2d 411, 414 (2d Cir. 1974) (holding that habeas petitioner did not waive by guilty plea constitutional claims arising from "illegal interrogation," including a claim challenging admissibility of statements made without *Miranda* warnings). Because he sought to suppress his statements to the police prior to pleading guilty, Douglas has not waived his right to challenge the admissibility of those statements through a habeas corpus petition. *See Perez v. Ercole*, No. 09 Civ. 2180, 2010 WL 2541974, at *4 n.3 (S.D.N.Y. June 22, 2010).

The Supreme Court has held that an individual subjected to custodial interrogation by law enforcement personnel "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda*, 384 U.S. at 479. At the suppression hearing, Detectives Robertson and Henry both testified that, following initial introductions and Henry's statement to the effect that Douglas had been implicated in a certain matter by multiple witnesses, Robertson advised Douglas that he wanted to talk to him but that first he was going to advise Douglas of his *Miranda* rights. According to both Robertson and Henry, Robertson then read the *Miranda* warnings to Douglas. Moreover, in response to Robertson's inquiry, Douglas responded that he understood each right that had been explained

5

and that he was willing to speak to the detectives without the benefit of counsel. When the tape recording device was turned on, Robertson remarked, "All right, Marcello, I'm going to—again I'm going to go over, uh, *Miranda* warnings." Douglas again confirmed on the recording that he understood each of the rights of which he was advised.

Douglas nonetheless asserts in his Petition that he was advised of his *Miranda* rights only after he had made the incriminating statements. But Douglas's arguments are nothing more than an attack on the testimony of the police officers. Douglas misperceives the role of a federal court in a federal habeas proceeding attacking a state-court conviction. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. This Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain the finding of fact. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). In the absence of clear and convincing evidence to the contrary, this Court is bound by the factual findings of the state court. 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340. Douglas is therefore not entitled to relief on this claim.

Claim Two: Harsh and Excessive Sentence

Douglas additionally argues that his sentence is unduly harsh. Pet. at 4. Considering this claim on direct appeal, the appellate court found no abuse of discretion and declined to reduce the sentence in the interest of justice given "the violent nature of the crime and the serious effect it had on the victim." *Douglas*, 931 N.Y.S.2d at 800. In support of this claim, Douglas asserts in his Petition that:

> [Douglas] was an 18-year-old at the time of the instant offense; had one prior Juvenile Adjudication; cooperated with authorities and expressed remorse. [Douglas] has no prior adult criminal history, yet the sentencing court imposed a sentence

significantly longer than the permissible minimum, and [Douglas] submits the circumstances of his case warrant a reduction of his sentence to the minimum.

Douglas was convicted, upon his guilty plea, of attempted murder in the second degree, assault in the first degree and two counts of criminal possession of a weapon in the second degree. *Douglas*, 931 N.Y.S.2d at 799. For the attempted murder and assault counts, the court was required to impose a determinate sentence of between 5 and 25 years. N.Y. PENAL LAW § 70.02(3)(a). The imposed sentence of 12 years for attempted murder and 10 years for assault falls within the statutory guidelines. For the second-degree weapon possession counts, the court was required to impose a determinate sentence of between 3½ and 15 years. N.Y. PENAL LAW § 70.02(3)(b). The imposed sentence of 5 years also falls within the statutory guidelines. The court was also required to impose a 5-year term of post-release supervision for each crime. N.Y. PENAL LAW § 70.45(1). The sentences ran concurrently, resulting in an aggregate sentence of 12 years' imprisonment plus 5 years of post-release supervision. *Douglas*, 931 N.Y.S.2d at 799-800.

It is well-settled that an excessive sentence claim may not be raised as grounds for federal habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); *Bellavia v. Fogg*, 613 F.2d 369, 373 (2d Cir. 1979) (setting mandatory sentences is solely the province of state legislature); *Hernandez v. Conway*, 485 F. Supp. 2d 266, 284 (W.D.N.Y. 2007) (excessive sentence claim does not present a federal question cognizable on habeas review where the sentence was within the range prescribed by state law). Because the sentences imposed were within the statutory range prescribed by New York law, Douglas cannot prevail on this claim either.

## V. CONCLUSION

Douglas is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); 2d Cir. R. 22.1.

Dated: May 29, 2014.

                                      /s/ James K. Singleton, Jr.
                                      JAMES K. SINGLETON, JR.
                                      Senior United States District Judge